In the Matter of H. M. VINARD, INC., Petitioner, against STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, March 18, 1960.

*Whitehorn & Cowin* (*Joseph Delman* and *Victor Whitehorn* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Herman F. Nehlsen* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* The testimony discloses that the petitioner — H. M. Vinard, Inc. — was a real estate corporation whose stock was owned by Ben Forman to the extent of 80%, his sons, Howard and Melvin, owning 10% each of the remainder. At the time of the purchase of the real property there were tenants in possession but thereafter and at the time of the tax assessment here contested (1954–1955) the property was occupied by Ben Forman and Sons, the stock of that corporation being owned 50% by Howard and 50% by Melvin. Upon this limited record, the decision rests.

The commission determined the stock of the two corporations — owner and occupant — was owned or controlled directly or indirectly by the same interests within the meaning of subdivision 4 of section 211 of article 9-A of the Tax Law. That section provides that when substantially all the capital stock of a corporation which would be taxable under section 182 is owned or controlled, directly or indirectly, by an article 9-A taxpayer, or whenever substantially all the capital stock of the section 182 corporation and the 9-A corporation is owned or controlled, directly or indirectly, by the same interests and the material part of the property of the section 182 corporation is used or occupied in the conduct of the article 9-A corporation's business — then the so-called real estate corporation must also be taxed under article 9-A.

The commission's regulations (art. 560) relating to combined reports under subdivision 4 of section 211 defines '' substantially all '' of the capital stock of a corporation as subject to being determined on the basis of facts in each case but ordinarily the beneficial ownership or control of 95% or more of the issued and outstanding capital stock entitled to vote for the election of directors or trustees will be considered as meeting the requirements of the statute.

It is obvious that the stock ownership herein does not meet the requirements of the commission's own regulations — not necessarily controlling — but in this case the only testimony to substantiate the determination. There is no showing as to who were the officers, directors, who managed, operated or controlled the corporations, nor any other factors as to either corporation which would tend to sustain the theory of the Tax Commission.

The purpose of subdivision 4 of section 211 is to deny tax benefits under section 182 where by means of a second corporation, there is accomplished what could be done by a single corporation subject to article 9-A. Stock ownership and control, the determinating factors, were not shown here where the petitioner real estate corporation is only 20% owned by the interests of the business corporation and the major interest in the real estate corporation has no stock ownership in the business corporation.

From the proof submitted by the Tax Commission, we are unable to agree with its determination which we accordingly reverse and annul.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination annulled, with $50 costs to the petitioner.